IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

In re:

                              Bk. Case No. 11-01135-JDP

Allen L. Wisdom,                Adv. Case No. 13-06045-TLM

                    Debtor.

_____

ALLEN L. WISDOM,

                Appellant,         **MEMORANDUM DECISION AND ORDER**

vs.

                                Case No.  1:14-cv-00497-EJL

JEREMY J. GUGIONO,
UNITED STATES TRUSTEE, BOISE

                Appellees.

_____

        Pending before the Court in the above-entitled matter is Debtor-Appellant Allen L. Wisdom's appeal from the decision of Chief Bankruptcy Judge Terry L. Myers denying his Motion to Recuse and Motion for Order to Turnover Estate Funds. The parties have submitted their responsive briefing and the matter is now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the

decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this court without oral argument.

## FACTUAL BACKGROUND

### 1.       The Underlying Bankruptcy Case

In April of 2011, Appellant Allen L. Wisdom filed a Chapter 7 bankruptcy petition, BK Case No. 11-01135-JDP. Included in the list of claimed exemptions were certain life insurance policies. The Appellee, the Acting United States Trustee appointed to this case, Jeremy Gugino (the "Trustee"), objected to the claimed exemptions in the life insurance policies. United States Bankruptcy Court Judge Jim D. Pappas sustained the Trustee's objection and ordered that the claimed exemptions in the life insurance policies would be disallowed. The Trustee then liquidated the policies and filed his Final Report in Mr. Wisdom's Chapter 7 bankruptcy proceeding. Mr. Wisdom objected to the Final Report arguing the Trustee fraudulently and unlawfully liquidated the life insurance policies. Judge Pappas issued a decision overruling Mr. Wisdom's objections and approving the Trustee's Final Report. Mr. Wisdom appealed that decision to the United States District Court in a case that was assigned to Chief United States District Judge Lynn B. Winmill, DC Case No. 1:12-cv-00530-BLW.

Judge Winmill issued a ruling affirming Judge Pappas' decision upholding the Trustee's Final Report. (Dkt. 13, DC Case No. 1:12-cv-00530-BLW.) Mr. Wisdom appealed Judge Winmill's ruling to the Ninth Circuit, Case No. 13-35409. That appeal is still pending before the Ninth Circuit.

**2.     The Adversary Proceeding**

In December of 2013 Mr. Wisdom filed an adversary proceeding in the Bankruptcy Court asserting claims against the Trustee and the bonding company arguing they improperly liquidated the insurance policies in the underlying bankruptcy proceeding and that the Trustee committed fraud and violated the fiduciary duty he owed to Mr. Wisdom. Because he had presided over the underlying bankruptcy case, Judge Pappas recused himself from the adversary proceeding. The adversary case was then reassigned to Chief Bankruptcy Judge Terry L. Myers, Adv. Case No. 13-06045-TLM.

In April of 2014, Mr. Wisdom filed a Motion to Recuse Judge Myers because the Trustee assigned to the underlying bankruptcy matter had served as Judge Myers' law clerk several years prior. Judge Myers denied the Motion to Recuse. (Dkt. 59, Adv. Case No. 13-06045-TLM.) Mr. Wisdom then filed a Motion for Leave to File an Interlocutory Appeal of Judge Myers' decision which Judge Winmill denied. (Dkt. 8, DC Case No. 1:14-00279-BLW.) Mr. Wisdom appealed Judge Winmill's denial of his Motion to Appeal to the Ninth Circuit, Case No. 15-35013. On April 20, 2015, the Ninth Circuit issued its mandate effectuating its March 26, 2015 Order affirming Judge Winmill's decision. The Mandate states it is made "without prejudice to appellant challenging the bankruptcy judge's denial of the motion to recuse after the bankruptcy court enters a final order." (Dkt. 14, DC Case No. 1:14-cv-00279-BLW.) Thus, Mr. Wisdom was denied only the request to pursue an interlocutory challenge of Judge Myers' order denying the Motion to Recuse at this time. Mr. Wisdom may still challenge that order

on a direct appeal. *See Stewart Enterprises, Inc. v. Horton (In re Horton)*, 621 F.2d 968, 970 (9th Cir. 1980) ("The decision of a bankruptcy judge not to disqualify himself, however, cannot be appealed until a direct appeal is taken from a final decision adverse to the moving party.").

**3.      The Turnover Motion**

In June of 2014, Mr. Wisdom filed a Motion for Order to Turnover Estate Funds ("Turnover Motion") in the underlying bankruptcy case, BK Case No. 11-01135-JDP, which again challenged the Trustee's liquidation of the life insurance policies. Since Judge Pappas had recused himself, the Turnover Motion was assigned to Judge Myers. Mr. Wisdom then filed a second motion requesting that Judge Myers recuse himself. On September 26, 2014, Judge Myers issued a decision denying both the second Motion to Recuse and the Turnover Motion. (Dkt. 217, BK Case No. 11-01135-JDP.) Mr. Wisdom has appealed that decision to this Court which is the subject of this Order.

## STANDARD OF REVIEW

Factual findings of the Bankruptcy Court are reviewed by this court by applying a "clearly erroneous" standard. Fed. R. Bankr.  P. 8013. Legal conclusions of the Bankruptcy Court are subject to a *de novo* review by this Court. *See* Fed. R. Bankr. P. 8013. As a general rule, the Court will not consider an issue raised for the first time on appeal. *United States v. Robinson*, 20 F.3d 1030 (9th Cir. 1994).

## ANALYSIS

### 1.    Motion to Recuse this Court

Mr. Wisdom has presented a preliminary issue in his opening brief arguing that this Court should recuse itself in this matter because it has a conflict in this case because the Court has a "stake in the outcome of the appeal," the Trustee was a former co-employee of the Court, and the facts surrounding the Trustee's appointment show a violation of existing law. (Dkt. 4 at 3-7.) Appellee counters that this argument is not properly before this Court as it was not raised in the underlying proceeding or in a separate motion as required by Federal Rule of Bankruptcy Procedure 8011. (Dkt. 6 at 19-20) (Dkt. 8 at 8-9.) Regardless, Appellee argues there is no merit to the issue nor any basis upon which this Court must recuse itself. (Dkt. 8 at 10-12.)

Motions to recuse are governed by 28 U.S.C. § 455 which provides, in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

Recusal may be justified either by actual bias or the appearance of bias/impartiality. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991). "Section 455 requires not only that a judge be subjectively confident of his ability to be evenhanded, but also that an informed, rational, objective observer would not doubt his impartiality." *Bernard v.*

*Coyne (In re Bernard)*, 31 F.3d 842, 844 (9th Cir. 1994). The test for evaluating bias or prejudice under § 455 is an objective one asking "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Seidel v. Durkin (In re Goodwin)*, 194 B.R. 214, 222 (9th Cir. 1996) (internal quotation marks omitted); *Liteky v. United States*, 510 U.S. 540, 548 (1994) (The recusal of a judge is warranted in only the rarest of circumstances where a judge's actions "display a clear inability to render a fair judgment."). This determination must be made by this Court who's impartiality is being questioned. *In re Bernard*, 31 F.3d at 843.

This Court has considered Mr. Wisdom's arguments concerning any potential bias, either actual or the appearance of the same, and has concluded that neither bias exists. The Trustee was not an employee of this Court nor has this Court had any personal or professional contacts with the Trustee. Further, there is no evidence to support Mr. Wisdom's arguments concerning this Court's "stake" in the outcome of this case, any involvement in the Trustee's appointment, and/or any responsibility concerning the integrity of the bankruptcy system in this District. This Court has no involvement with appointments of trustees to the panel, which are made by the United States Trustee, and the assignment of this Trustee to this case was done at random. Further, this Court's own examination of its conscience reveals a lack of any actual or apparent bias either in favor or against the Trustee and/or Mr. Wisdom. Simply put, the Court has no bias in this

case nor is there any basis to reasonably question this Court's impartiality. The Motion to Recuse this Court is denied.

## 2.    Pending Appeal

Appellees argue this Court should dismiss this appeal because Mr. Wisdom currently has an appeal pending before the Ninth Circuit challenging the Trustee's actions relating to the liquidation of the life insurance policies in the underlying bankruptcy case which is the subject of the appeal in this matter. Appellees argue, this Court is divested of jurisdiction over this matter by virtue of that pending appeal. (Dkt. 6 at 11) (Dkt. 8 at 1 n. 1.) Mr. Wisdom counters that the appeal currently pending before the Ninth Circuit addresses issues unrelated to this appeal and the issues raised in this appeal arise from a separate final appealable order and, therefore, are properly before this Court. (Dkt. 9 at 6-7.)[1]

"Generally speaking, the bankruptcy court is divested of jurisdiction over those aspects of the case involved in the appeal." *In re Wallace*, 2013 WL 4501415, at *2 n. 3 (Bankr. D. Idaho Aug. 22, 2013) (citing *In re Conley*, 2001 WL 35814443 at *5 (Bankr. D. Idaho July 3, 2001) (citing *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000)). "The rule divesting lower courts of jurisdiction of aspects of a case involved in

---

[1] Mr. Wisdom also argues this is a new argument not previously raised by Appellee before the Bankruptcy Court. (Dkt. 9 at 6-7.) While true that this Court does not consider issues raised for the first time on appeal, this argument was not at issue until Mr. Wisdom filed this appeal. Stated differently, the fact that this Court may not have jurisdiction over this appeal because of the matter pending before the Ninth Circuit was not in question until Mr. Wisdom filed this appeal. Thus, the Appellee's response brief was the first opportunity to raise the issue and the Court finds no error in there doing so.

an appeal 'is judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time.'" *In re Padilla*, 222 F.3d at 1190 (quoting *In re Thorp*, 655 F.2d 997, 998 (9th Cir. 1981) (quoting 9 Moore, Federal Practice P 203.11 n. 1)); *see also In re Mirzai*, 236 B.R. 8, 10 (9th Cir. 1999) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58). While the district court may take actions to preserve the status quo during the pendency of an appeal, it may not "finally adjudicate substantial rights directly involved in the appeal," *In re Padilla*, 222 F.3d at 1190, or take actions "over those aspects of the case involved in the appeal," *In re Mirzai*, 236 B.R. at 10 (quoting *Griggs*, 459 U.S. at 58).

In considering this preliminary question, the Court finds it appropriate and necessary to take judicial notice of the docket in the case of *In re Allen L. Wisdom* now on appeal before the Ninth Circuit, Case No. 13-35409, the docket in the case decided by the Ninth Circuit, Case No. 15-35013, as well as the dockets in the underlying bankruptcy case, BK Case No. 11-01135-JDP, the Adversary Case, Adv. Case No. 13-06045-TLM, and the related district court cases, DC Case Nos. 1:12-cv-00530-BLW and 1:14-cv-00279-BLW, pursuant to Federal Rule of Evidence 201.

The Court has reviewed these dockets and finds that the Ninth Circuit has not yet decided the appeal of the decisions upholding the Trustee's Final Report issued in the underlying bankruptcy case, *In re Allen L. Wisdom*, Case No. 13-35409. In that yet undecided appeal, Mr. Wisdom challenges the validity of the Trustee's actions in liquidating certain assets. Specifically, Mr. Wisdom asserts that the Trustee fraudulently

and unlawfully liquidated his life insurance policies which he maintains were properly claimed exemptions. Mr. Wisdom's pending appeal contests the decisions of the Bankruptcy Court and District Court in affirming the Trustee's Final Report. The appeal in this case presents some of the same arguments and issues.

This appeal concerns Judge Myers' decision denying the Motions to Recuse and the Turnover Motion. The appeal of the Motions to Recuse arguably raises distinct issues from those presented in the appeal pending before the Ninth Circuit. To that extent, the Court will consider the appeal of the decisions on the Motions to Recuse. As to the Turnover Motion, however, the Court finds that the issue and arguments raised therein are the same as those pending before the Ninth Circuit in Mr. Wisdom's appeal of the decisions in the underlying bankruptcy proceeding. Specifically, Mr. Wisdom's challenges to the decisions affirming the Trustee's Final Report on the basis that the Trustee fraudulently and/or unlawfully liquidated the life insurance policies, breached his fiduciary duty, and the like.  Judge Myers' decision denying the Turnover Motion recognized as much stating:

> Many of the allegations and arguments presented in the Turnover Motion echo those in the objections to Trustee's final report and account, which have been decided adversely to Wisdom, affirmed, and are now on appeal. Considering such matters in the guise of the Turnover Motion would violate decisional law that limits the trial court's ability to address previously decided issues, particularly when they are on appeal. In all these regards, the Turnover Motion should and will be denied.

(Dkt. 217 at 4, BK Case No. 11-01135-JDP.) Because the arguments raised in this appeal concerning the Turnover Motion are the same as those pending on appeal in the matter

before the Ninth Circuit, this Court will dismiss the appeal in this matter as to the Turnover Motion without prejudice. Depending on how the Ninth Circuit decides that appeal will dictate whether Mr. Wisdom has a basis for refiling his appeal of the Turnover Motion.

### 3.    Appeal of Judge Myers' Denial of the Motion to Recuse

Mr. Wisdom argues that Judge Myers erred in denying the Motions to Recuse because there are facts evidencing Judge Myers' bias in favor of the Trustee, there was no opposition to the recusal motions, Judge Myers "refused" to hear any argument on the motions, and Judge Myers abused his discretion in refusing to review the recusal motions and address the arguments raised therein. (Dkt. 4 at 15-21.) Appellees argue that Judge Myers did not abuse his discretion in denying the Motions to Recuse because he cited the correct legal standard and appropriately applied the same. (Dkt. 6 at 19-20) (Dkt. 8 at 12-16.)

Orders on motions to recuse are reviewed under the abuse of discretion standard. *In re Goodwin*, 194 B.R. at 220 (citations omitted). This Court has considered the arguments of the parties as well as the record contained herein. In particular, the Court has reviewed Judge Myers' decisions on the Motions to Recuse filed in the record. Having done so, this Court finds that Judge Myers did not abuse his discretion in denying the Motions to Recuse.

As stated above, the standard for recusal under § 455 is an objective one asking "whether a reasonable person with knowledge of all the facts would conclude that the

judge's impartiality might reasonably be questioned." *In re Goodwin*, 194 B.R. at 222. Here, Judge Myers' decisions explaining the basis for his denial of the Motions to Recuse demonstrates without question that there is no basis for his recusal in this case, let alone any abuse of discretion in denying those Motions. (Dkt. 59, Adv. Case No. 13-06045-TLM), (Dkt. 217, BK Case No. 11-01135-JDP.) This Court need not add anything further to the clear reasoning and analysis of Judge Myers' opinion as it more than satisfies the standards applicable here. As such, the decisions denying the Motions to Recuse are affirmed and the appeal is denied in its entirety on this question.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1)      The Bankruptcy Court's decisions denying the Motions to Recuse are **AFFIRMED** and the appeal of the same is **DENIED AND DISMISSED IN ITS ENTIRETY**.

2)      The appeal of the Bankruptcy Court's decision on the Motion for Order to Turnover Estate Funds is **DISMISSED WITHOUT PREJUDICE**.

DATED: **May 18, 2015**

Honorable Edward J. Lodge
U. S. District Judge